# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DAVID L. TAFT, JR., <br><br> Petitioner, <br><br> vs. <br><br> STATE OF IOWA, <br><br> Respondent. | No. C07-0053-LRR <br><br> INITIAL REVIEW ORDER |

This matter is before the court on the petitioner's application for a writ of habeas corpus and application to proceed in forma pauperis. The petitioner filed both applications on June 4, 2007.

The petitioner has submitted an application that meets the requirements of 28 U.S.C. § 1915(a).[1] Accordingly, in forma pauperis status is granted. The Clerk of Court is directed to file the application for a writ of habeas corpus without the prepayment of fees and costs. Rule 3(a), Rules Governing Section 2254 Cases; 28 U.S.C. § 1915. The petitioner is directed to submit the $5.00 filing fee by no later than August 6, 2007.

The petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his civil commitment. In the Iowa District Court In and For Linn County, the petitioner

---

[1] The petitioner is a patient at the Civil Commitment Unit for Sexual Offenders in Cherokee, Iowa. A patient is not a prisoner within the meaning of the Prison Litigation Reform Act ("PLRA"). *See Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001) (concluding a mental patient is not a prisoner within the meaning of the PLRA and, therefore, is not subject to inmate-accounting procedures or three strikes rule); *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000) (finding petitioner who was civilly committed under California's Sexually Violent Predators Act was not "prisoner" subject to PLRA's financial reporting and exhaustion requirements). Nonetheless, it is appropriate for the court to review the petitioner's application under 28 U.S.C. § 1915(a)(1) because this subsection has been applied by courts in their review of applications of non-prisoners as well as prisoners.

was found to be a sexually violent predator and subject to commitment under Iowa Code section 229A. *See In re Detention of Taft*, 2005 Iowa App. LEXIS 1517 (Iowa Ct. App. 2005); *In re Taft*, CVCV050833 (Linn County Dist. Ct. 2005); *see also State v. Taft*, 506 N.W.2d 757 (Iowa 1993).[2] The petitioner previously challenged his civil commitment and the court dismissed without prejudice the petitioner's application for a writ of habeas corpus because he, among other things, failed to comply with 28 U.S.C. § 2254(b)(1)(A).[3] *See Taft v. State of Iowa, et al.*, Case No. 1:05-cv-00192-LRR (N.D. Iowa 2006). Additionally, on April 23, 2007, the court: (1) dismissed without prejudice the same application for a writ of habeas corpus that the petitioner filed in the instant action because he failed to submit the filing fee or an application to proceed in forma pauperis; and (2) noted that the petitioner must exhaust the remedies that are available to him in the courts of the State. *See Taft v. State of Iowa, et al.*, Case No. 1:07-cv-00029-LRR (N.D. Iowa 2007). Once again, it is clear from the application for a writ of habeas corpus and relevant state court documents[4] that the petitioner failed to comply with 28 U.S.C. § 2254(b)(1)(A).

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[4] The court notes that the Iowa District Court in and for Linn County is in the process of conducting an annual review of the petitioner's civil commitment. *See In re*
(continued…)

Accordingly, the petitioner's application pursuant to 28 U.S.C. § 2254 is dismissed without prejudice.[5]

**IT IS SO ORDERED.**

**DATED** this 6th day of June, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4](…continued)
*Detention of Taft*, 2005 Iowa App. LEXIS 1517 (Iowa Ct. App. 2005).

[5] The court notes that the applicable statute of limitations most likely bars the claims that the petitioner included in his application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A).